MORGAN, LEWIS & BOCKIUS LLP
Benjamin Patrick Smith, Bar No. 197551
benjamin.smith@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Benjamin K. Hand, Bar No. 320307
benjamin.hand@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Ezra D. Church (to be admitted *pro hac vice*)
ezra.church@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Tel:   +1.215.963.5700
Fax:   +1.215.963.5001

Attorneys for Defendant, Rite Aid Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CALAGNO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 20-5476<br><br>**NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF TO THE UNITED STATES DISTRICT COURT BY DEFENDANT RITE AID CORPORATION**<br><br>[Removed from Alameda County Superior Court Case No. HG20064377]<br><br>[*Corporate Disclosure Statement and Certification of Interested Parties; Notice of Appearance; Request for Judicial Notice; and Declaration filed concurrently herewith*]<br><br>Date Filed:      June 1, 2020<br>Date Served:   July 7, 2020<br>Removal Filed: August 6, 2020 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO. 20-5476

**TO THE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, Defendant Rite Aid Corporation ("Rite Aid" or "Defendant") hereby removes the above-entitled action (the "Action") from the Superior Court of the State of California in the County of Alameda, to the United States District Court for the Northern District of California. This removal is based on the following grounds:

**I.   PROCEDURAL BACKGROUND**

1. On June 1, 2020, plaintiff Nicole Calagno ("Plaintiff") commenced this action titled *Nicole Calagno, individually and on behalf of a class of similarly situated individuals v. Rite Aid Corporation*, Case No. HG20064377, by filing her complaint ("Complaint") in the Superior Court of the State of California in the County of Alameda.

2. The Complaint alleges three causes of action: (1) Violation of False and Misleading Advertising Law (California Bus. & Prof. Code §§ 17500, *et seq*.); (2) Violations of Unfair Competition Law (California Bus. & Prof. Code §§ 17200, *et seq*.); and (3) Violations of Consumer Legal Remedies Act (California Civil Code §§ 1750, *et seq*.).

3. Plaintiff filed the Action as an unlimited civil case (exceeds $25,000) and seeks statutory, disgorgement/restitution, injunctive relief, payment of fees and costs, and pre- and post-judgment interest. Declaration, Exh. A, Complaint, pp. 15-16.

4. Rite Aid was served with the Summons and Complaint on July 7, 2020, via CT Corporation System, Rite Aid's registered agent for service of process (Exhibit A).

5. Pursuant to the provision of 28 U.S.C. section 1446(a), Rite Aid attaches to this Notice and incorporates by reference Exhibit A, which includes true and correct copies of all process, pleadings, and orders that have been filed in this action.

**II.   REMOVAL IS TIMELY**

6. Defendant was served with the Complaint on July 7, 2020. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the

relief sought in this removal notice.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

7. Plaintiff seeks to bring this Action as a putative class action. *See, e.g.*, Exh. A, Compl., ¶¶ 26-37. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between the Plaintiff and Defendant; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the classes she purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and her prayers for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

#### A. The Putative Class Has More Than 100 Members.

8. Plaintiff asserts claims on behalf of a putative class comprised of "All California residents who purchased "Rite Aid"-branded Infants' liquid acetaminophen for a non-commercial use at any time during the applicable limitations period preceding the filing of the Complaint in this matter and up through and including the date of resolution." Exh. A, Compl., ¶ 26. *et seq.*).

9. Plaintiff estimates that membership in the putative class "consists of at least 100 individuals." Exh. A, Compl., ¶ 26.

10. The Complaint therefore pleads that the putative classes consist of at least 100 members.

#### B. Diversity of Citizenship Exists.

11. To satisfy CAFA's diversity requirement, a party seeking removal need only show

---

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law.

that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Diversity of citizenship exists here.

12. Plaintiff Nicole Calagno alleges that she is a resident of California. Exh. A, Compl., ¶ 6 ("Plaintiff is an individual and a resident of California.").

13. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities….[I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

14. Defendant RITE AID CORPORATION is incorporated under the laws of Delaware and has its principal place of business in Camp Hill, Pennsylvania. Declaration of Ron Chima dated August 6, 2020 ("Chima Declaration"), attached hereto as <u>Exhibit B</u>, ¶ 2.

15. Thus, Defendant is a citizen of a state other than California for diversity purposes. 28 U.S.C. § 1332(c)(1).

16. Accordingly, at least one member of the putative plaintiff class, *i.e.*, Plaintiff, is a citizen of a State different from Defendant. Minimal diversity is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only minimal diversity under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF REMOVAL
CASE NO. 20-5476

**C.      The Amount In Controversy Exceeds $5,000,000.**

17.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

18.     A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

19.     A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations."  *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015); *see also Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015) ("[A] removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." (citation omitted)).

20.     The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202-03 (9th Cir. 2015) (explaining that courts must "first look to the complaint in determining the amount in controversy" and rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable" (citation omitted)); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy").

21.     The Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class she seeks to represent is entitled to the relief that she has requested, as detailed below, Plaintiff's allegations and request for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the

putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

**Allegations Demonstrating Amount in Controversy**

22. As stated above, Plaintiff seeks to represent a putative class of "All California residents who purchased "Rite Aid"-branded Infants' liquid acetaminophen for a non-commercial use at any time during the applicable limitations period preceding the filing of the Complaint in this matter and up through and including the date of resolution." Exh. A, Compl., ¶ 26.

23. Plaintiff estimates membership in the putative class "consists of at least 100 individuals."

24. From April 2016 to the present, Rite Aid has sold in excess of 2,000 bottles of "Rite Aid"-branded Infants' liquid acetaminophen for non-commercial time in California. Exh. B, ¶ 4.

25. Plaintiff alleges Defendant violated California's False Advertising Law, California Business & Professions §§ 17500, *et seq*. ("FAL"). "Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine." Exh. A, Compl., ¶ 39, citing California Business & Professions §§ 17500, *et seq*. Under the per-victim test, civil penalties may arguably be assessed on a per-victim basis; for example, each individual who reads the advertisement or purchases the good or service. *People v. Toomey*, 157 Cal.App.3d 1, 22-23 (1984); *People v. Superior Court (Jayhill)*, 9 Cal.3d 283, 289 (1973); *People v. Superior Court (Olson)*, 96 Cal.App.3d 181 (1979). In *Toomey*, the

---

[2] This Notice of Removal discusses the nature and amount of damages and other relief placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

1  court determined the use of a "per victim" formula to find 150,000 violations was not in error. *People v. Toomey*, 157 Cal.App.3d at 23.

26. Here, Defendant sold more than 2,000 bottles during the alleged class period (April 2016 to present). *See* Chima Declaration, Exh. B, ¶ 4. Multiplied by the statutory damages arguably available under the FAL of $2,500 per victim, the amount in controversy with respect to statutory damages, exclusive of interests and costs, is at least $5,000,000.

27. Furthermore, Plaintiff places additional amounts in controversy by seeking:

   a. "Disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld, and losses caused by the acts and practices that violated California Business & Professions Code §§ 17500, *et seq*." Exh. A, Compl. p. 15; and

   b. "Disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld, and/or losses caused by the acts and practices that violated California Business and Professions Code §§ 17200, *et seq*." Exh. A, Compl. p. 15.

28. Additionally, Plaintiff seeks recovery of "attorneys' fees and costs under California Code of Civil Procedure § 1021.5 and California Civil Code § 1780(e)." *Id.* at p 16. Estimated future attorneys' fees are properly included in determining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasizing that where the law entitles the plaintiff to "an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). The Ninth Circuit has held that future fee estimates can be based on "customary rates" and "proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795, 796 n.6.

29. Defendant denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendant has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendant notes that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

**D.    The Home State Controversy Exception to CAFA Does Not Apply Here Because Defendant is Diverse.**

30.    The Home State Controversy Exception to CAFA removal does not apply to this matter. Under 28 U.S.C. § 1332(d)(4)(B), a federal court must decline to exercise jurisdiction over a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."

31.    In addition, in limited circumstances, a federal "district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action where greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the class action was originally filed." 28 U.S.C. § 1332(d)(3).

32.    Here, Defendant is not a citizen of the State of California and, therefore, the Home State Controversy Exception does not apply.

## IV.    VENUE

33.    This action was originally filed in the Superior Court for the County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V.    NOTICE

34.    Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI.    CONCLUSION

35.    Based on the foregoing, Defendant respectfully requests that this action be removed to this Court.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

| | |
|---|---|
| Dated: August 6, 2020 | MORGAN, LEWIS & BOCKIUS LLP<br>Ezra D. Church<br>Benjamin Patrick Smith<br>Benjamin K. Hand<br><br>By   /s/ Benjamin Patrick Smith<br>      Benjamin Patrick Smith<br>      Attorneys for Defendant<br>      RITE AID CORPORATION |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

NOTICE OF REMOVAL
CASE NO. 20-5476