ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff
NICOLE CALAGNO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CALAGNO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No:  4:20-cv-05476-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**PLAINTIFF NICOLE CALAGNO'S NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[28 U.S.C. § 1447]**<br><br>Date:     October 20, 2020<br>Time:     2:00 p.m.<br>Place:    Courtroom 1, 4th Floor<br><br><br>Complaint Filed:  June 1, 2020<br>Removal Filed:    August 6, 2020 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 20, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1 (4th Floor) located at the Oakland Federal District Courthouse, 1301 Clay Street, Oakland, California, Plaintiff Nicole Calagno will and hereby does move for an order remanding this case to state court.

This motion is brought under 28 U.S.C. § 1447 on the ground that Defendant Rite Aid Corporation has not demonstrated that the amount in controversy exceeds $5 million.  Contrary to the arguments in its removal petition, Defendant has failed to prove by a preponderance of the evidence that this case satisfies diversity jurisdictional requirements under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Because this Court lacks diversity jurisdiction, this action should be remanded to the Alameda County Superior Court.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and pleadings on file in this action, all matters of which the Court may take judicial notice, and such other testimonial and documentary evidence as may be presented to the Court before or at the time this Motion is heard.

Respectfully submitted,

**KELLER GROVER LLP**

Dated:  September 3, 2020

By:   /s/ *Eric A. Grover*
_____
ERIC A. GROVER
RACHAEL G. JUNG
*Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. PROCEDURAL HISTORY AND STATEMENT OF FACTS ............................ 3

III. LEGAL STANDARD REGARDING REMAND .............................................. 4

IV. DEFENDANT HAS FAILED TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT REMOVAL WAS PROPER ....................................... 5

    A.  Plaintiff cannot recover criminal fines and her Complaint does not seek them or otherwise put them in controversy; thus, Defendant's inclusion of them in its calculation of the amount in controversy is improper. .......................... 6

    B.  Plaintiff cannot recover civil penalties, and her Complaint does not seek them or otherwise put them in controversy; thus, Defendant's inclusion of them in its calculation of the amount in controversy is improper. .......................... 7

    C.  Defendant has offered no evidence from which the Court can generate a usable estimate of the amount of restitution that Plaintiff seeks. ............................ 8

    D.  Defendant has offered no evidence from which the Court can generate an estimate of attorneys' fees for inclusion in any calculation of the amount in controversy. ................................................................................................. 9

V.  CONCLUSION ................................................................................................. 9

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases** Page(s)

*Abrego Abrego v. The Dow Chemical Co.*,
 443 F.3d 676 (9th Cir. 2006) .................................................................. 4, 5

*Brown v. Allstate Ins. Co.*,
 17 F. Supp. 2d 1134 (S.D. Cal. 1998) ..................................................... 6, 8

*Corral v. Select Portfolio Servicing, Inc.*,
 878 F.3d 770 (9th Cir. 2017) ................................................................... 5

*Fritsch v. Swift Transp. Co. of Ariz, LLC.*,
 899 F.3d 785 (9th Cir. 2018) ................................................................... 1, 5, 6, 9

*Gyorke-Takatri v. Nestle USA, Inc.*,
 2015 U.S. Dist. LEXIS 151205 (N.D. Cal. Nov. 6, 2015) ....................... 1, 4, 5

*Hammond v. Stamps.com, Inc.*,
 844 F.3d 909 (10th Cir. 2016) ................................................................. 1, 5, 6

*Ibarra v. Manheim Invs., Inc.*,
 775 F.3d 1193 (9th Cir. 2015) ................................................................. 4

*In re Am. Principals Holdings, Inc.*,
 1987 U.S. Dist. LEXIS 16945 (S.D. Cal. July 9, 1987) ......................... 7, 8

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
 199 F. Supp. 2d 993 (C.D. Cal. 2002) .................................................... 1, 5

*Kokkonen v. Guardian Life Ins. Co. of America*,
 511 U.S. 375 (1994) ................................................................................ 4

*Korn v. Polo Ralph Lauren Corp.*,
 536 F.Supp.2d 1199 (E.D. Cal. 2008) ..................................................... 1, 5, 6

*Kroske v. U.S. Bank Corp.*,
 432 F.3d 976 (9th Cir. 2005) ................................................................... 4

*Lowdermilk v. United States Bank Nat'l Assoc.*
 479 F.3d 994 (9th Cir. 2007) ................................................................... 4

*Serrano v. 180 Connect, Inc.*,
 478 F.3d 1018 (9th Cir. 2007) ................................................................. 5

**State Cases**

*Chern v. Bank of Am.*,
 15 Cal. 3d 866 (1976) ............................................................................. 6, 8

*Fletcher v. Security Pacific National Bank*,
 23 Cal.3d 442 (1979) .............................................................................. 8

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Federal Statutes**

28 United Sates Code
    § 1332 ..................................................................................... 1, 3, 5
    § 1446 .......................................................................................... 4
    § 1447 .......................................................................................... 1

**State Statutes**

California Business & Professions Code
    § 17200 .......................................................................................3, 6
    § 17500 ....................................................................................2, 3, 6, 8
    § 17535 ...................................................................................... 6, 8
    § 17535.5 ................................................................................... 6, 8
    § 17536 .................................................................................2, 6, 7, 8


California Civil Code
    § 1750................................................................................................ 3

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I. INTRODUCTION

Plaintiff Nicole Calagno ("Plaintiff") moves under 28 U.S.C. § 1447 to remand this action to state court on the ground that Defendant Rite Aid Corporation ("Defendant" or "Rite Aid") has not met its burden to demonstrate by a preponderance of the evidence that diversity jurisdiction exists under 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA") and that removal was proper.

For removal under CAFA to be proper, Defendant must establish that the amount in controversy exceeds $5 million. "When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."[1] The amount in controversy is limited, however, to "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."[2] In its removal petition, Defendant submits insufficient evidence to support its assertion that the amount in controversy comes close to $5 million, let alone that it would exceed that figure.[3]

With its Notice of Removal, Defendant submitted a single evidentiary declaration, which in turn includes a single paragraph relevant to the amount in controversy. That paragraph asserts that "[f]rom April 2016 to the present, Rite Aid stores located in California have sold in excess of 2,000 bottles of Rite Aid infant acetaminophen."[4] Defendant rests its entire $5,000,000 argument

---

[1] *Gyorke-Takatri v. Nestle USA, Inc.*, 2015 U.S. Dist. LEXIS 151205, at *3-5 (N.D. Cal. Nov. 6, 2015) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). The word "claims" is the key: Plaintiff has not made a claim for criminal penalties.

[2] *Fritsch v. Swift Transp. Co. of Ariz, LLC.*, 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint . . . ."); *see also Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 914 (10th Cir. 2016) (Gorsuch, J.) (Once "the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court **unless it is legally impossible for the plaintiff to recover that much**." (emphasis added, citation omitted)).

[3] *See* Docket ("Dkt.") Nos. 1, 1-1, & 1-2 (Defendant's Notice of Removal and accompanying exhibits).

[4] *See* Dkt. No. 1-2 (Declaration of Ron S. Chima in Support of Defendant's Notice of Removal), at ¶ 4.

on those purported 2,000 bottles.  Defendant argues, in essence, that its damage exposure is $2,500 per bottle.

But Defendant's estimate of the amount in controversy is based almost entirely on remedies that **Plaintiff does not seek** and that **are not available to Plaintiff**.  They are, therefore, not properly considered in calculating the amount in controversy.

First, Defendant argues that because a violation of California's False and Misleading Advertising Law ("FAL")[5] is a misdemeanor punishable by imprisonment and a $2,500 fine, and because it may have violated the FAL more than 2,000 times (i.e., once for each sale of a bottle of Infants' acetaminophen), it is subject to a total fine of more than $5,000,000.[6]  What that argument ignores is that **Plaintiff is not a government entity and cannot seek such a fine**.

Second, Defendant argues that "[m]ultiplied by the statutory damages arguably available under the FAL of $2,500 per victim, the amount in controversy with respect to statutory damages, exclusive of interests and costs, is at least $5,000,000."[7]  It is not clear what Defendant means by "statutory damages."  It may be that Defendant once again is referencing the $2,500 criminal fine that Plaintiff does not and cannot seek.  Alternatively, Defendant might mean the civil penalties provided by Business and Professions Code § 17536.  But because those civil penalties may be sought only "by the Attorney General or by any district attorney, county counsel, or city attorney . . .,"[8] Plaintiff cannot seek those civil penalties any more than she can seek criminal fines.  Thus, Plaintiff seeks neither, rendering both of those proposed routes to $5,000,000 unavailable.

Defendant identifies only two items that properly might be included in the Court's analysis of the amount in controversy:  restitution and attorneys' fees.  As to restitution, Defendant offers no evidence and no explanation for how selling 2,000 bottles of Infants' acetaminophen to putative class members could warrant a restitution award of a size that would bring Defendant materially closer to the $5 million threshold.  And with regard to attorneys' fees,

---

[5]  Cal. Bus. & Prof. Code §§ 17500, *et seq.*

[6]  Dkt. No. 1, ¶ 25.

[7]  Dkt. No. 1, ¶ 26.

[8]  Cal. Bus. & Prof. Code § 17536.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1 Defendant offers no estimate and no evidence whatsoever from which the Court could begin to

2 estimate Plaintiff's potential attorneys' fees.  Thus, the Court should not include any estimate of

3 either restitution or attorneys' fees in its calculation of the amount in controversy.

4 Because Defendant has not proven by the required preponderance of the evidence that the

5 amount in controversy exceeds the $5 million mandated by CAFA, 28 U.S.C. § 1332(d), Plaintiff

6 respectfully requests that the Court grant Plaintiff's motion to remand the action to the Alameda

7 County Superior Court.

8 **II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS**

9 On June 1, 2020, Plaintiff filed her Complaint in the Alameda County Superior Court on

10 behalf of herself and a putative class of California residents who purchased Rite Aid-branded

11 Infants' liquid acetaminophen ("Infants') for a non-commercial use.[9]  The Complaint alleges that

12 Defendant has engaged in the unfair, deceptive and fraudulent practice of marketing and selling

13 the same product – liquid acetaminophen – as two unique medicines – Infants' and Children's

14 liquid acetaminophen – in violation of (1) the False and Misleading Advertising Law ("FAL"),

15 Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) the Unfair Competition Law ("UCL"), Cal. Bus. &

16 Prof. Code §§ 17200, *et seq.*; and (3) the Consumers Legal Remedies Act ("CLRA"), Cal. Civ.

17 Code §§ 1750*, et seq.*[10]  Plaintiff further alleges that Defendant owes Plaintiff and the putative

18 class restitution and also seeks to enjoin Defendant from engaging in the unlawful acts and

19 practices alleged in the Complaint.[11]  The Complaint does not seek criminal fines or civil

20 penalties under the FAL – nor could it.[12]

21 On August 6, 2020, Defendant removed the case to this Court based on its assertion that

22 there is federal subject matter jurisdiction under CAFA.[13]  Defendant submitted no evidence that

23

24 [9]  Dkt. No. 1-1 (Declaration of Benjamin Patrick Smith in Support of Defendant's Notice of
25 Removal), Ex. A (Plaintiff's Class Action Complaint "Complaint"), ¶ 26.

[10]  *See generally* Dkt. No. 1-1, Ex. A (Complaint).
26 [11]  *Id* at p. 15 ("Prayer for Relief").

27 [12]  *Id*.

28 [13]  Dkt. No. 1.

could support a conclusion that the amount in controversy under CAFA is $5,000,000.[14] Moreover, Defendant's argument that the $5,000,000 threshold is met rests on its estimated dollar amounts of two key items – criminal fines and civil penalties under the FAL – neither of which Plaintiff has sought or can legally recover.  Plaintiff therefore moves to remand the action to state court based on a lack of federal subject matter jurisdiction.

## III.   LEGAL STANDARD REGARDING REMAND

Federal courts are courts of limited jurisdiction.[15]  A defendant may remove a civil action from state court to federal district court ***only if the federal court has subject matter jurisdiction***.[16]  When, as here, the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove ***by a preponderance of the evidence*** that the amount-in-controversy requirement has been met.[17]  "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."[18]  The District Court should remand unless it finds that the removing party's allegation of the amount in controversy is supported by a preponderance of the evidence.[19]

In assessing the amount in controversy, the court may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy.[20]  "Conclusory allegations as to the amount in controversy are insufficient."[21]  "When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all

[14]  *See id.*

[15]  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[16]  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683, 689 (9th Cir. 2006) (emphasis added).

[17]  *Lowdermilk v. United States Bank Nat'l Assoc.* 479 F.3d 994, 998 (9th Cir. 2007) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

[18]  *Abrego*, 443 F.3d, at 685.

[19]  *See* 28 U.S.C. § 1446(c)(2)(B); *Gyorke-Takatri v. Nestle USA, Inc.*, 2015 U.S. Dist. LEXIS 151205 at *3-5; *Ibarra*, 775 F.3d at 1197.

[20]  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

[21]  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (citation omitted).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

claims made in the complaint."[22]   The amount in controversy is limited, however, to "all relief

claimed at the time of removal to which the plaintiff would be entitled if she prevails."[23]

## IV.   DEFENDANT HAS FAILED TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT REMOVAL WAS PROPER

"As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate

number of members of all proposed plaintiff classes is 100 or more persons and where the

primary defendants are not 'States, State officials, or other governmental entities against whom

the district court may be foreclosed from ordering relief' . . . Once the prerequisites of §

1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over

class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class

member is a citizen of a state different from any defendant."[24]

CAFA diversity jurisdiction exists *only* when the specific requirements in 28 U.S.C.

section 1332(d) are satisfied.[25]   Here, Plaintiff does not dispute that the parties are diverse and

that the aggregate number of putative class members is 100 or greater.   Thus, the primary

jurisdictional question is whether the CAFA amount-in-controversy threshold is exceeded.   As

discussed in more detail below, Defendant provides no evidence to support its assertion that

"Plaintiff's allegations and request for relief have more likely than not put into controversy an

amount that exceeds the $5 million threshold."[26]   With only bare allegations and no evidence that

the $5 million amount-in-controversy has been met, Defendant has failed to establish CAFA

[22]   *Gyorke-Takatri v. Nestle USA, Inc.*, 2015 U.S. Dist. LEXIS 151205 at *3-5 (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d, at 1001).

[23]   *Fritsch*, 899 F.3d at 793 (citation omitted); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d at 1205 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint . . . ."); *see also Hammond v. Stamps.com, Inc.*, 844 F.3d at 914 (Gorsuch, J.) (Once "the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court **unless it is legally impossible for the plaintiff to recover that much**." (emphasis added, citation omitted)).

[24]   *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d).

[25]   *See e.g.*, *Abrego*, 443 F.3d at 680.

[26] Dkt. No. 1, ¶ 21.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

diversity jurisdiction.

**A.    Plaintiff cannot recover criminal fines and her Complaint does not seek them or otherwise put them in controversy; thus, Defendant's inclusion of them in its calculation of the amount in controversy is improper.**

California Business & Professions Code § 17500 provides, in pertinent part, that "[a]ny violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine."  Defendant multiplies that fine by the more than 2,000 bottles of Infants' it asserts it sold to reach a total of more than $5,000,000.[27] But it is well-settled law that the remedies available to private plaintiffs under the FAL are "limited to equitable relief" and that private plaintiffs cannot seek criminal penalties as remedies under § 17500.[28] Thus, there is no basis for Defendant's attempt to include in the amount in controversy potential criminal fines that Plaintiff has not sought and cannot seek.

To reiterate, and as Defendant concedes, the amount in controversy must flow from the relief sought in Plaintiff's Complaint.   The amount in controversy is limited to "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."[29]   In this case, Plaintiff's Complaint **does not** and **could not** seek the criminal penalties that Defendant relies upon in generating its estimate of the amount in controversy.  Thus, the Court should assign no value to that portion of Defendant's calculation of the amount in controversy.

---

[27] Dkt. No. 1, ¶¶ 24-26.

[28] *See, e.g., Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998) ("While § 17500 provides only for criminal penalties, individuals may seek remedy for violations of § 17500 through § 17200. However, private remedies are limited to equitable relief, and civil penalties are recoverable only by specified public officers." (citations omitted)); *Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976) (holding that Cal. Bus. & Prof. Code, § 17500 does not authorize the recovery of damages by private individuals.  "Private relief is limited to the filing of actions for an injunction (*id.*, § 17535); and civil penalties are recoverable only by specified *public* officers (*id.*, §§ 17535.5, 17536) (emphasis in original).").

[29] *Fritsch*, 899 F.3d at 793 (citation omitted); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d at 1205 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint . . . ."); *see also Hammond v. Stamps.com, Inc.*, 844 F.3d at 914 (Gorsuch, J.) (Once "the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court **unless it is legally impossible for the plaintiff to recover that much**." (emphasis added, citation omitted)).  *See* Dkt. No. 1, ¶ 20.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**B.     Plaintiff cannot recover civil penalties, and her Complaint does not seek them or otherwise put them in controversy; thus, Defendant's inclusion of them in its calculation of the amount in controversy is improper.**

Defendant's civil-penalties argument suffers from the same fatal flaw as its section IV.A. criminal-penalties argument:   Plaintiff cannot seek civil penalties.   They are not part of the complaint and are not contemplated by or available through this case.

Defendant's Notice of Removal proposes that multiplying the "statutory damages arguably available under the FAL of $2,500 per victim, the amount in controversy with respect to statutory damages, exclusive of interests and costs, is at least $5,000,000."[30]   Although Defendant's reference to "statutory damages" is less than clear, it might have been intended simply to make explicit the dollar amount associated with Defendant's erroneous claims regarding its exposure to criminal penalties, discussed above.   Alternatively, Defendant's reference to "statutory damages" might be intended as a reference to the civil penalties provided under California Business & Professions Code § 17536.   We will address this alternative possibility out of an abundance of caution, but note here that neither of Defendant's two possible theories provides a basis for federal jurisdiction.[31]

Section 17536 provides in pertinent part as follows:

> a) Any person who violates any provision of this chapter shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action **brought in the name of the people of the State of California by the Attorney General or by any district attorney, county counsel, or city attorney** in any court of competent jurisdiction.[32]

Thus, like criminal fines under § 17500, civil penalties under § 17536 cannot be sought by private plaintiffs.   As the California Supreme Court has held, "[under the FAL] [p]rivate relief is

---

[30] Dkt. No. 1, ¶ 26.

[31] We do not understand Defendant to be arguing that there are *damages* (as opposed to criminal fines or civil penalties) available to Plaintiff under the FAL.   As courts have recognized, "It is well settled that **private persons may not recover damages** under the provisions of the unfair competition and false advertising statutes." *In re Am. Principals Holdings, Inc.*, 1987 U.S. Dist. LEXIS 16945, at *57-58 (S.D. Cal. July 9, 1987) (emphasis added, citations omitted).

[32] Cal. Bus. & Prof. Code §§ 17536 (emphasis added).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

limited to the filing of actions for an injunction [§ 17535]; and civil penalties are recoverable only by **specified *public* officers** [§§ 17535.5, 17536]."[33] Thus, any attempt by Defendant to establish that the $5,000,000 threshold is exceeded based on an aggregation of civil penalties under the FAL must fail for a reason parallel to the reason why Defendant's attempt to aggregate potential criminal fines fails: Plaintiff's Complaint **does not and cannot** seek civil penalties under the FAL. Thus, Defendant cannot rely on any civil penalties in generating an estimate of the amount in controversy.

### C.   Defendant has offered no evidence from which the Court can generate a usable estimate of the amount of restitution that Plaintiff seeks.

In its Notice of Removal, Defendant notes that Plaintiff seeks restitution under both the FAL and the UCL.[34] Defendant does not, however, attempt to quantify the amount of restitution that Plaintiff seeks.[35] Thus, there is no dollar figure for the amount of restitution that Defendant might have to pay to putative class members and, therefore, no dollar figure that the Court can use in its analysis of the amount in controversy.

As noted above, Defendant's sole factual assertion regarding the amount in controversy is that Rite Aid has sold "in excess of 2,000 bottles" of Infants' in California since April 2016.[36] Defendant offers no estimate of its potential liability for restitution. Nor has it submitted any evidence that would allow for a calculation of a potential dollar amount associated with a claim for restitution in connection with the sale of approximately 2,000 bottles of Infants'.

Thus, Defendant has not met its burden to prove any amount of restitution by a preponderance of the evidence. Accordingly, the Court should assign no value to restitution in

---

[33] *Chern v. Bank of Am.*, 15 Cal. 3d at 875 (emphasis added); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d at 1140 ("private remedies are limited to equitable relief, and civil penalties are recoverable only be specified public officers." (citations omitted)); *In re Am. Principals Holdings, Inc.*, 1987 U.S. Dist. LEXIS 16945, at *57-58 ("plaintiffs' remedies [under the FAL] are limited to injunctive relief and restitution ancillary to such relief." (citing *Fletcher v. Security Pacific National Bank,* 23 Cal.3d 442, 453-54 (1979))).

[34] Dkt. No. 1, ¶ 27.

[35] *Id.*

[36] Dkt. No. 1-2 (Chima Decl.) at ¶ 4.

calculating the amount in controversy.

**D.   Defendant has offered no evidence from which the Court can generate an estimate of attorneys' fees for inclusion in any calculation of the amount in controversy.**

Defendant notes correctly that Plaintiff seeks attorneys' fees and that those fees can be included in determining the amount in controversy. But Defendant has offered no evidence from which the Court can reasonably generate any estimate of the potential attorneys' fees that Plaintiff might recover in this case. Defendant argues that "'a percentage-based method,' such as 25% of the amount in controversy, may . . . be relevant when estimating the amount of fees included in the amount in controversy."[37] But as discussed in detail above, Defendant has offered no evidence from which the Court can estimate the value of any properly-included component of the amount in controversy. Thus, the Court has no total to which it can apply a percentage to reach even a crude estimate of attorneys' fees.

Moreover, in the case Defendant cites, *Fritsch v. Swift Transp. Co. of Ariz., LLC*, the Ninth Circuit explicitly rejected just such an approach, noting that:

> As we have already explained, the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence; we may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation.[38]

For this Court to include an estimate of attorneys' fees in its calculation of the amount in controversy for CAFA jurisdiction purposes, Defendant would have to have provided evidence sufficient to establish an amount of attorneys' fees by a preponderance of the evidence.[39] Because it has not, the Court should not assign any value to attorneys' fees in calculating the amount in controversy for purposes of CAFA.

**V.   CONCLUSION**

Defendant's attempt to establish federal jurisdiction fails first and foremost because Defendant impermissibly bases its calculation of the amount in controversy on relief that Plaintiff

---

[37] Dkt No. 1, ¶ 28 (citing *Fritsch*, 899 F.3d at 895, 796 n. 6).

[38] 899 F.3d 785, 796 (9th Cir. 2018).

[39] *Id.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   does not and cannot claim.  To the extent that Defendant points vaguely to two properly-included

2   components of the amount in controversy – restitution and attorneys' fees – it offers no estimate

3   of their dollar value and has offered no evidence from which the Court can generate any usable

4   estimate of their dollar value.

5          In sum, Defendant has failed to meet its burden to prove by a preponderance of the

6   evidence that the amount in controversy in this case exceeds $5,000,000 and that CAFA diversity

7   jurisdiction exists.  Thus, Plaintiff's motion should be granted and this action should be remanded

8   to the Alameda County Superior Court.

9                                              Respectfully submitted,

10

11  Dated:  September 3, 2020                   **KELLER GROVER LLP**

12                                       By:    /s/ *Eric A. Grover*
                                               _____
13                                             ERIC A. GROVER
                                               RACHAEL G. JUNG
14                                             *Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861