ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff
NICOLE CALAGNO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CALAGNO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 4:20-cv-05476-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[28 U.S.C. § 1447]**<br><br>Date:  October 20, 2020<br>Time:  2:00 p.m.<br>Place:  Courtroom 1, 4th Floor<br><br>Complaint Filed: June 1, 2020<br>Removal Filed:   August 6, 2020 |

Plaintiff Nicole Calagno's Motion to Remand for Lack of Subject Matter Jurisdiction came before this Court on October 20, 2020, the Honorable Yvonne Gonzalez Rogers presiding. After full consideration of the parties' briefing, oral argument, and other competent evidence, the Court finds as follows:

1. In the Complaint, Plaintiff alleges on behalf of herself and a proposed class of individuals who purchased Rite Aid-branded Infants' liquid acetaminophen that Defendant has engaged in the unfair, deceptive, and fraudulent practice of marketing and selling the same product – liquid acetaminophen – as two unique medicines in violation of (1) the False and Misleading Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.;* and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750*, et seq*. Plaintiff further alleges that Defendant owes Plaintiff and the putative class restitution, and also seeks to enjoin Defendant from engaging in the unlawful acts and practices alleged in the Complaint. The Complaint does not allege a specific amount in controversy. The Complaint also does not seek criminal fines or civil penalties under the FAL.

2. Defendant removed this action to this Court, alleging that the Court has federal diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3. It is the removing party's burden to prove that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

4. Under Ninth Circuit law, when the complaint does not specify the amount in controversy, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum requirement. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683, 689 (9th Cir. 2006).

5. Defendant failed to meet its burden to show that the total amount in controversy in this action exceeds $5 million. *See* 28 U.S.C. § 1332(d). Defendant bases its estimate of the amount in controversy on the calculation of certain criminal fines and, perhaps, civil penalties.

6. But the Complaint does not seek either criminal fines or civil penalties. More importantly, Plaintiff's Complaint could not seek the criminal fines Defendant relies upon or the

civil penalties upon which Defendant may be relying to generate its estimated amount in controversy. *See Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998) ("While § 17500 provides only for criminal penalties, individuals may seek remedy for violations of § 17500 through § 17200. However, private remedies are limited to equitable relief, and civil penalties are recoverable only by specified public officers." (citations omitted)); *Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976) (holding that Cal. Bus. & Prof. Code, § 17500 does not authorize the recovery of damages by private individuals.  "Private relief is limited to the filing of actions for an injunction [§ 17535]; and civil penalties are recoverable only by specified *public* officers [§§ 17535.5, 17536]."); *see also In re Am. Principals Holdings, Inc.*, 1987 U.S. Dist. LEXIS 16945, at *57-58 (S.D. Cal. July 9, 1987) ("It is well settled that private persons may not recover damages under the provisions of the unfair competition and false advertising statutes.").  Thus, the Court can assign no value to that portion of Defendant's calculation of the amount in controversy that relies on the recovery of criminal fines or civil penalties.

7.   Defendant further asserts that Plaintiff seeks restitution and attorneys' fees and that the amount of restitution and attorneys' fees can be included in determining the amount in controversy.  While true, Defendant offers no estimate of the amount of restitution or attorneys' fees at issue and provides no evidence from which the Court might reasonably generate an estimate of either item.  Thus, the Court can assign no value to those items in the calculation of the amount in controversy.

8.   Therefore, the Court finds that Defendant has established neither that this Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), nor that its removal of this case was proper.

9.   Plaintiff's motion to remand is hereby GRANTED.  The clerk is directed to refer this matter back to the Superior Court of Alameda County.

**IT IS SO ORDERED.**

Dated: _____, 2020          _____
                                  HON. YVONNE GONZALEZ ROGERS